Good morning. If it may please the court, my name is Jerome Kuh. I am an assistant federal public defender in the Western District of Washington, and I represent Shania Trimble, the appellant in this case. Your Honors, the court's imposition of the $25 processing fee, central violations processing fee, on Ms. Trimble in this case violated her Fifth Amendment expectation of equal protection under the laws. She was treated dissimilarly from similarly situated persons. The court's classification of people who either got this fee or didn't get this fee was arbitrary, and it was simply related to whether or not they were cited using an old or new form. Well, you say the court made that distinction. Wasn't this a happenstance of the officer who issued the citation? If he had the old form, the $25 wasn't on it, but if he had the new form, it was? Well, certainly the officer was the one who gave the form, but it was the court that took the processing fee. The court was aware the day this happened, that some people were getting the fee and some people were not getting the fee, similar cases from similar time, but they – it's the court that assessed the fee. Well, if the form was different in some relevant way, then presumably the court could have legitimately made that distinction, right? And in other words, if some people were getting notice and others weren't, then the court would have a legitimate concern about due process. My problem is I'm not sure that happened, but assume it did happen. Assume that one of the forms said you're going to have to pay $25 and the other one didn't, then wouldn't that be a legitimate distinction from the court's point of view? It would be, except that the – Ms. Trimble was accused of a crime. She was brought into court the same as other people from exactly the same time and maybe within a block of other people similarly cited for the same crime. And for no good reason, some of the citations advised her of a fee, and for the same person – That's not true, because the form, the current form, has a box A and a box B, right? That's right. And box B applies to people who don't have to appear in court, and it says you're going to have to pay $25. That's right. With regard to box A, which is where she was, it doesn't say anything about what you're going to have to pay. Your Honor, it doesn't, and we've actually raised that issue. The court has held, and I think the government would – continues to contend that everyone on that citation, that that advisement goes for both boxes. And they say that, but it doesn't, and therefore, any question that there's a notice issue with regard to the people in box A, when nobody in box A is being told they're going to have to pay the – on the form. The form doesn't say that people in box A are going to have to pay the $25. You might – you might – I mean, whether the court interprets it that way is a different matter, but insofar as the magistrate judge is relying on the form is the reason why he's given different processing fees that's not on the form. Well, if that's true, Your Honor, then you have another problem, because Ms. Trimble did show up in court and then shouldn't have been given the fee, but the court was not treating that citation in that way. I understand the court's – I understand your question because we've raised that Ms. Trimble, but the court and the government maintain consistently that the notice at the bottom of the box B applies to both – both kinds of cases. Counsel, is there anything in the record that would indicate some discriminatory animus or motivation on the part of the officer in terms of who got the $25 citation who didn't? And that is not – that's not an issue here. We're not – we're not complaining that there was some malicious intent. I would note that in many of the cases that where this kind of – Well, the officer doesn't make the decision of who pays the $25, right? Isn't the magistrate judge the one at the CVB hearing decides who pays that and who doesn't? The magistrate judge is the gatekeeper. The magistrate judge is the one that decides who gets the penalty. Right. And it – what – is there something here that tells us – I know what your position is – that tells us what the magistrate judge said as to how he makes that decision? I don't believe there's any record of that at all. Well, how do we know the basis of the decision? In other words, the – the sentencing hearing is not part of the records. Right. That's my point. I mean, how do we know the reason for the decision? Imposing the fee on some persons and not imposing it on others. Other than the – the – what's in the record based on the – Well, there's nothing in the record. Other than the notices, there is nothing in the record. There's something in the – you know, on the appeal, the district judge gave his reasons as to why he thought the – I mean, he assumed there was a difference in treatment, right, the district judge? He assumed there was a difference in treatment. But I don't see what on the record tells us there was a difference in – you make that contention. What supports that assertion? I – Well, maybe that's not a contested issue. Does the government concede that? I don't think that's a contested issue. The government would agree, and I think they agree in their brief, that different people on that day and different people cited at the same time received – Depending on which form they got? Completely depending on which form they got. And do both sides agree that the magistrate judge made that decision on who pays the $25 and who doesn't based upon which form they were noticed in on? I think we do agree with that on that. In other words, there's nothing in the record which would indicate that someone who did not have the $25 form was nevertheless assessed a $25 fee? Your Honor, I believe that the only thing in the record is the – is the docket sheet from Ms. Trimble. I don't believe that anyone else – anyone else's docket sheet is there. But that was never an issue between the parties, the government. I've never been to one of these, maybe fortunately, CVB hearings. But, like, is there, like, a, you know, a tape recording made of the proceedings or anything like that? Your Honor, there is a tape recording by law. It is – it's a magistrate court. However, I have listened to the tapes. I listened to the tapes from days previous to this, in this day, and most of it was inaudible. It is routinely inaudible. You can hear sometimes the – and, you know, this is – it's going to be a problem someday, and maybe it's the problem today. Under – I think under the court rules, they either have to have a court reporter or a – an audio tape, and I believe the government has probably listened to this before. Well, if you don't do that, you can come up with an agreed statement. Excuse me? You can come up with an agreed statement as to what, you know, happened. We could have done that, Your Honor. That's correct. But you didn't do it here. No, we didn't do it here. But you don't think there was any dispute between you and the government as to what took place in the magistrate's court? No, I don't believe there was any dispute. Counsel, you're down to about two minutes. Would you like to reserve? I would, Your Honor. Thank you. Thank you, counsel. We'll hear from the government. Okay, so what is the rational basis for having charges on people $25 and others not? I mean, this could sound silly, but I'm going to ask you. Before you answer the question, would you please introduce yourself for the record, then answer the question. Thank you. Okay, first paragraph. Good morning. May it please the Court and counsel. I am Barbara Siebers, an assistant United States attorney representing the United States in this matter. And your question was, what was the rational basis for the process? What is the rational basis that you're relying on? The rational basis for the $25 processing fee, and this is a fee that only applies to the Central Violations Bureau cases that are brought to the court by way of a violation notice, otherwise known as a ticket or a citation. And the rational basis has to be looked at from the Act. What did the Act say? And in essence, the Act said that the reason for the Appropriations Act of 2005 was to provide a funding stream for the Central Violations Bureau that processes over ---- No, but that Act authorizes the magistrate or judge to impose that fee on every person at a period before him after a certain date. After a certain date. Yes. So what is it? That's not a basis for making a distinction. That's a basis for charging everybody, the Act. Well, that may be true. Isn't it? The Act may ---- First of all, you agree that he could have charged everybody $25. I agree that under the Act, he had the ability to charge everyone the $25 processing fee. Right. But not everyone who was sitting in that court and a period before him had notice of that fee. But the notice doesn't come until after the violation. But the violation ---- What purpose does the notice serve? No, but the violation that they had before them didn't have any notification ---- I know that, but in other words, you're speeding and you get a ticket, but by that time you've already committed the violation, so you don't have a choice of whether or not to commit the violation based upon whether you have to pay $25. You've already committed the violation. What purpose does the notice serve? Well, you may have already committed the violation. In terms of equal protection. Well, but you may have committed the violation, but you haven't been found guilty or adjudged guilty of the violation, which the processing fee would then, at the point of sentencing, be imposed. And I think that ---- But the other problem is that this form does not say that. I understand that it's your position that the $25 applies anyway, and maybe it does. But insofar as you're relying on a notice to some people and not to other people, you can just look at the form and see that it provides notice to people who are paying now that they have to pay the $25 processing fee, but with regard to people who must appear in court, it says nothing about what they have to pay. Correct. They don't have to pay anything at that point. They have to go to court. Correct. So what's the notice problem, then? Because they're ---- well, because the people who are mandatorily brought before the court then are told what is the maximum penalty, and that's when we go through the maximum fine, the special assessment. So the form is irrelevant, then, because the form isn't what gave anybody a notice and can't be the reason for the difference in treatment. But that's what gave Ms. Trimble notice, because her form was different than his argument. No. No. Wait a minute. She was in Box A, right? Box A says if a Box A is checked, you must appear in court, see instructions.  That's all it says.  She was not in Box B. Box B says you must appear in court and pay the forfeiture amount of the $25 processing fee, total collateral due. She wasn't in that box. So she wasn't told anything about any $25 on her. By the notice. By the notice. But Appellant's argument is that when she came to court, she had the new form, and that's the basis, and so there was, at least on the form, the $25 processing fee. But now it's applied to her. And that's applied to her because she has a new form. And the people who didn't ---- I'm sorry. I'm not understanding this. She was not told. Aside from the problem that Judge Toshima noted, she was not told on this form that she was going to have to pay whatever the fine was plus $25 when she got to court. The form did not say anything about that. Right? The form that she has doesn't say directly that, no, that's not. Okay. And that's because Box B was not checked. That's because Box B was not checked.  So what is the notice problem that differentiates her from the other people who had Box A checked or were on the old form and were not also not told what they had to pay? What's the difference? She at least knew of a possibility. Now, you're going to say, well, she was in Box A and not Box B. Okay. But the ---- but she had the new form, and her particular violation notice complied with the Appropriations Act. There was no other way, or the distinction is, is that when they rolled out the Act and during the initiation process of it, the only way to distinguish cases that came or complied with the Act were the new form. In all the cases, that's the only distinction. Because when they all came into court, there was no way to determine if this case complied with the Act or this case didn't. The only distinction was whether it was the old form or the new form. That doesn't seem to be a rational basis to impose a $25 fee on one person, not on another. What do you have to do? Like, if I go to traffic court, sometimes you don't even know what the ---- you know, it's within the discretion of the judge how much to find the person. I mean, how is that a basis of distinguishing how much, you know, penalty to impose on somebody? So, Your Honor, let me ask this. Are you finding that there is an unreasonable or arbitrary and capricious classification under the Appropriations Act? No. In the administration by the magistrate judge. So the Act as applied has an impermissible classification within it. The Act doesn't have a classification. The judge is saying, well, you know, I'm imposing a $25 fee on you under the Classification Act, but I'm not imposing it upon you, although you're subject to the Classification Act also. Isn't that what he's doing? But he's doing it based on whether or not they have the form or not, because that's the only way to distinguish if this case comes under the Appropriations Act. What do you mean, basis for the ---- why do you have to distinguish if they both come under the Act? Don't they? Well, then you would have to look to when the ticket was issued and determine whether or not ---- It doesn't come under the Act. It doesn't depend on the date that the ticket was issued. Well, yes, it does, because if you look through the document ---- No, because the old tickets were issued after the Act came into effect. That's the whole problem. Right? That's correct. So whether or not the Act applies doesn't depend on, you know, the ticket you got or when it was issued. So my question is, so do you find that the $25 processing fee in and of itself is not Russian-related? The $25, the ---- there was an edict that said that the $25 processing fee is going to be charged after a certain date. That's fine if they had done that, but it isn't what they did. What this magistrate judge did was charge it to some people and not others who had to come to court for some reason attached to what notice they got when the notice had nothing to do with it. What is the difference between, you know, the magistrate judge said, all right, everybody pick a number, and then everybody picks a number and says, okay, everybody who's an odd number is going to get charged $25, everybody who picks an even number is not going to get charged $25. What's the difference between what he did in that, doing that? The only difference I could say in speaking for the magistrate judge is that the only distinction he saw between the people that he had in court was whether or not they had the old form or the new form. That's the only classification that he distinguished. And that might be a relevant distinction if there was something, a difference between the old form and the new form that was relevant to this person. But what is that difference? He didn't make that distinction. The only distinction, well, he did in regards to saying that the $25 processing fee appeared on the face of the form. It does, but not as applicable to her. Counsel, I've got a question with respect to her citation. Is the citation in the record? The citations, I believe, are in the record under the appellate. I have Exhibit 5 and I have Exhibit 6 in front of me, but I'm just not sure where I should look to find the citation in this case. It would be the appellant's excerpts of records, I believe, Number 7. Number, oh, I'm sorry, Exhibit Number 3. He's got them marked. Let me look real quick on them. I think it's ER 7, isn't it? Yes, 7. 7, 8, 9, 10, 12. 11 and 12. Those are the citations that were actually issued to her. Correct. And that fee was not checked in any of those. That's correct. It was a mandatory appearance before the Court. Thank you, Counsel. Yes. Your Honors, I can understand that this Court is bothered by the effect of what happened, but I don't think that under the standard of whether or not there was arbitrary and capricious action by the government that was not reasonably related, that you can find that the Appropriations Act violated her equal ---- It's not the Appropriations Act. It would have been just fine to charge everybody the $25. That's not the problem. The question is where's the distinction coming from. Let me ask, just so to clarify the record, you agree with Mr. Koo that although we don't have a record of what happened in the magistrate's court, that indeed that was the magistrate judge's practice in these cases, that he imposed the $25 fees on people who came in with the new form, but not on people who came in with the old form. That's correct. Is that correct? That's correct. During the transition time of 2005. Right. During the transitional period, we call it.  And all of this now, of course, is moot because there are no old forms. I hope so. All right. Thank you. Okay. Thank you, counsel. We'll hear from Mr. Koo. You have some reserved time. Thank you, Your Honors. Very briefly, you hit on the distinction. We never contested that the act was an unconstitutional act or a violation. It's the implementation. It's the judges assessing the fee that's the problem. You know, I think that there's ---- in the record, there's the guidance from the administration. But what is the test? Is it arbitrary and capricious? No. Presumably, if that is the test, then maybe what happened here wasn't arbitrary. Well, the ---- whether the classification is arbitrary and capricious is arbitrary. Is it the same as picking a number because the ---- you know, as someone picking a number and getting the fee because it was solely based on the luck of whether someone got the new or old tickets, as the Court has said, there's no ---- you know, what the Court's contending is that there's no advisement in the ticket, so the ticket can't be the relevant, the truly relevant. Would it have made a difference if Box B had been checked? You know, no, because then it would have been inconsistent. At that point, you would have had both the demand to go to court and not go to court. In ---- we don't have that in these cases. One box or the other is checked. We don't see the people who just get Box B checked. Because they don't go to court. Because they don't go to court. And so the judge never interfaces, never adjudicates the fee. And that's the problem. But it's the implementation here. It's the arbitrary and capricious nature of the implementation. Kagan. And another question which isn't clear to me is that on the old form, it didn't break down what the amount was. It just said at the bottom, collateral fine. So we don't actually know whether what was being written down there at the time included a $25 quota. I can tell you only from the ---- by practice, that was not done. I see. Whether or not it could have been done, a lot of things could have been done differently here. The judge, the magistrate judge could have either given everyone or no one the fee, and we wouldn't be here. I don't know if the advisement had been written on the old tickets, would we have been here? The answer is maybe not, because then everyone would have gotten the ticket. And then the equal treatment would have been everyone got the fee. But we're here because some people got the fee and some people didn't, who were charged with the same crime at the same time. Thank you, counsel. Your time has expired. The case just argued will be submitted for decision, and we will hear argument in the United States v. Jennings.
judges: O'scannlain, Tashima, Berzon